Submitted March 1, reversed March 30, petition for rehearing
denied April 27, 1960

## JOHNSTON v. ASBAHR ET AL

350 P. 2d 698
351 P. 2d 684

Robert E. Ratcliffe and Carl D. Etling, both of Portland, filed briefs for appellants.

Earl A. Fewless, Portland, filed a brief for respondent.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan and O'Connell, Justices.

PER CURIAM.

This is an action charging the defendants with conversion of a stock certificate representing 12,000 shares of the common stock of Suburban Properties, Inc., a Washington corporation.

The plaintiff recovered a judgment for damages and the defendants appeal.

The plaintiff's right to possession of the stock certificate, which he alleged was wrongfully taken from him, is based upon the following contentions:

First, that the certificate representing the 12,000

shares of stock in Suburban Properties, Inc., was, on June 14, 1955, endorsed in blank by the defendant Turpin and delivered to this plaintiff to be held by the plaintiff as security for the repayment of a loan of $1,000 made to the Prisma-Scope Corporation, a corporation in which the defendant Turpin was interested.

Second, that subsequently and on July 21, 1955, plaintiff made another loan of $500 and it was agreed that this loan was also to be secured by the stock certificate.

Third, that a certain person known in the record as "Dr. Fuller" claimed to own a one-third interest in the stock certificate issued to the defendant Turpin and that Dr. Fuller had given this interest to the plaintiff.

The defendants admit that the plaintiff came into rightful possession of the stock certificate under plaintiff's first contention, but deny there was any conversion since his right of possession terminated when he was tendered the sum of $1000 and the accrued interest upon the loan.

The defendants deny that the loan of $500 was to be secured by the stock certificate or that plaintiff had any right or ownership in the stock certificate by reason of an assignment by Dr. Fuller of his claimed interest therein.

The defendants have presented several assignments of error, but we need consider only one as, in our opinion, this assignment requires a reversal of the cause.

The defendants' principal contention of error is based upon submission to the jury of the question of the right of the plaintiff to hold the stock certificate as a part owner thereof, and permitting over

their objections the admission into evidence of a portion of a letter written by one Dr. Fuller to plaintiff's attorney for the purpose of proving that the plaintiff had a right to the possession of the certificate as a part owner thereof. The portion of the letter admitted is as follows:

"At the request of Mr. Stewart Johnston, and for your information, I in turn made Mr. Stewart Johnston a gift of my interest."

■ Where property is in the possession of a party, there is a rebuttable presumption of ownership, but mere possession unaccompanied by circumstances which give it that specific character is insufficient evidence of ownership as against a true owner. *Wheeler Lbr. Co. v. Shelton,* 146 Or 550, 29 P2d 1013, 31 P2d 163.

■ The stock certificate which was hypothecated, and had been in the possession of the plaintiff and in which he claimed some ownership, was issued by the Suburban Properties, Inc. to the defendant Turpin and expressly stated therein that Turpin was the owner of the shares of stock represented by the certificate. Further, the evidence introduced by the plaintiff through the vice-president of Suburban Properties, Inc., is to the effect that the only stockholders of the corporation were the defendant Turpin, a Mr. Urban, Mr. Terry, Mr. Stidd and Mr. Dunis. Thus, from the record it appears Turpin is still the owner of the stock certificate.

With certain exceptions not pertinent hereto, "* * * [t]he principle that no one can be divested of his property without his consent, and the maxim that no one can transfer a better title than he has himself, control all questions arising as to

426

property of which a transfer is attempted, * * *. The effect of possession as evidence of ownership is subordinate to these principles. * * *" 42 Am Jur 218, Property § 41. This statement is cited with approval in *Wheeler Lbr. Co. v. Shelton,* supra, 146 Or 550, 562.

Since possession of personal property is only prima facie evidence of ownership against the true owner, this presumption must give way in the face of the evidence that has been set out,—that Turpin is the true owner, and plaintiff's right thereto can be established only by proof of Turpin's parting with his ownership.

■ There being no evidence in the record that Turpin ever assigned to Fuller or anyone else any interest in the stock issued by the corporation to him, there was no evidence to submit to the jury upon the question of the plaintiff's right of possession as an owner of an interest in the stock certificate.

■ From what has already been stated, the trial court also erred in admitting into evidence the statement made by Fuller relative to his assignment of the stock certificate, as there was no foundation laid for its admission, and standing alone it would be only a self-serving declaration.

The judgment is reversed.

**ON REHEARING**

Earl A. Fewless, Portland, for the petition.

Robert E. Ratcliffe and Carl D. Etling, both of Portland, contra.

Before McAllister, Chief Justice, and Rossman, Warner, Perry, Sloan, O'Connell and Goodwin, Justices.

PER CURIAM.

■ The plaintiff has filed a petition for rehearing based apparently upon a misapprehension of the result of our opinion. The plaintiff seems to argue that since our opinion called for a reversal of the cause without appending thereto a direction for a new trial that this was a direction to the trial court to either dismiss plaintiff's case or direct a verdict for the defendant.

If plaintiff had taken the time to study the opinion he would have discovered that this court did not in anywise pass upon the merits of the cause, and the order of reversal left the parties in the same position as if the trial court had granted a new trial. *Sheppard v. Blitz,* 177 Or 501, 163 P2d 519; 5B CJS 511, Appeal and Error § 1950.

The petition for rehearing is denied.